**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENDRA BOOZER,

    Plaintiff,

v.                                                Case No. 10-50735

TOWNE AIR FREIGHT, et al.,

    Defendants.
                                                  /

**ORDER DIRECTING STEPHEN M. FACTOR TO FILE A CLARIFICATION OF ITEM IN AFFIDAVIT OF FEES**

On August 12, 2010, the court granted third-party Stephen M. Factor's "Motion to Quash Subpoena," which was filed on June 18, 2010. In the August 12, 2010 order, the court granted Factor's requests for fees, costs, and expenses pursuant to Federal Rule of Civil Procedure 45(c)(1) and ordered Factor to file an affidavit of fees.

Before entering a judgment awarding the fees and expenses, the court will consider whether the attorney fees claimed in the affidavit are reasonable. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is the proper method for determining the amount of reasonable attorney fees. *Id.* at 1401 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original and citation omitted.) "The party seeking attorney fees bears the burden of proof on the number of hours expended and rates claimed." *Granzeier v.*

*Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

The attorneys who filed the motion to quash have submitted an affidavit delineating, as line items, the amount of time spent on particular tasks and the concomitant fees incurred during the preparation of the motion. The court has reviewed the affidavit and concludes, first, that the hourly rates are reasonable. The Sixth Circuit has held that similar rates were reasonable for legal work in several types of litigation. *See, e.g.*, *Auto Alliance Int'l v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) (finding that "[t]he district court's $200 flat rate is well within the market rate for the Eastern District of Michigan" in a Freedom of Information Act case); *Lamar Advertising Co. v. Charter Tp. of Van Buren*, Nos. 04-2500 & 04-2521, 2006 WL 1133309, at *3 (6th Cir. Apr. 26, 2006) (approving $200 hourly rate in a 42 U.S.C. § 1983 case involving Detroit area counsel). Second, the court finds that the hours were, with one exception, reasonably expended. Accordingly, the court is inclined to award fees and expenses based on the affidavit.

One item, however, seems to have consumed an inordinate amount of time. The attorneys claim seven and one half hours spent on "Communication with Counsel necessary for the filing of the Motion to Quash." (Aff. 4.) This seems to be an extraordinary number of hours spent communicating regarding a fourteen-page motion, especially so in view of Factor appearing to have filed numerous other similar motions to quash in this case. The court will therefore order Factor to file a clarification explaining the large amount of time spent on "communication with counsel."

IT IS ORDERED that Factor is DIRECTED to FILE A CLARIFICATION explaining why it was necessary to spend seven and one half hours communicating with counsel. Alternatively, Factor may file an amended affidavit reducing the time entry in lieu of clarification.

     S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 3, 2010, by electronic and/or ordinary mail.

     S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522